UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINA SHPAK,<br><br>           Plaintiff,<br><br>    v.<br><br>U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES et al.,<br><br>           Defendants. | Case No. 2:25-cv-04184-SB-MAA<br><br>ORDER TO SHOW CAUSE |

   This is an immigration mandamus action against U.S. Citizenship and Immigration Services (USCIS) and two individual defendants in their official capacities.  After Plaintiff failed to timely file proof of service or appear at a status conference, the Court on June 20, 2025 ordered her to show cause (OSC) at a hearing on August 8.  Dkt. No. 12.  The OSC ordered Plaintiff to file proof of service by the Rule 4(m) 90-day service deadline on August 4 and warned her that "[f]ailure to timely respond to the OSC will be deemed consent to the dismissal without prejudice of Plaintiff's claims against Defendants."  *Id.*  Plaintiff timely filed a written response stating that she intended to amend her petition to substitute the proper individual defendants and add new facts that emerged after filing the original petition.  Dkt. No. 15 at 2.  That same day, she filed her amended petition substituting the proper individual defendants.  Dkt. No. 13.  However, she failed to timely file proof of service of USCIS by August 4 or appear at the August 8 hearing.[1]

---

[1] The Rule 4(m) service period "is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006); *see also McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990) (holding that Rule 4

    Plaintiff's repeated failures to comply—by filing proof of service or appearing at the hearings—provide grounds for dismissal without prejudice. *See* Fed. R. Civ. P. 4(m) (court may dismiss the action without prejudice if the plaintiff fails to serve the defendant within 90 days after the complaint is filed); Fed. R. Civ. P. 16(f) (court has inherent authority to sanction party for "fail[ing] to appear at a scheduling or other pretrial conference" or "fail[ing] to obey a scheduling or other pretrial order"). Nonetheless, because her amended petition suggests that she intends to prosecute this case, the Court will provide her with one final opportunity to do so. Accordingly, Plaintiff is additionally ordered to show cause in writing why this case should not be dismissed without prejudice.

    By August 25, 2025, Plaintiff shall file either proof of service of USCIS or a written response stating why there is good cause to further extend the deadline. Filing proof of service will result in automatic discharge of this OSC without further order. Failure to timely respond will result in dismissal without prejudice.

Date: August 8, 2025

                                             Stanley Blumenfeld, Jr.
                                             United States District Judge

---

service period "[ran] from the filing of the second amended complaint" for the new defendant named in the amended complaint).